Revised April 22, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALDEN SHERPA & FURWA SHERPA

Plaintiffs,

against

UNITED STATES OF AMERICA

Defendant

CIVIL ACTION NO.: 26 Civ. 155 (SHS)(VF)

PROTECTED STIPULATION
**PURUSANT TO THE PRIVACY ACT AND PROPOSED PROTECTIVE ORDER**

**WHEREAS**, the Parties having agreed to the following terms of the protective order, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Discovery in this case will involve the production of documents in the possession of the United States of America that are maintained in a government system of records. These records may be subject to the Privacy Act of 1974, 5 U.S.C. § 552a ("Privacy Act"), or otherwise contain sensitive personal information, including personally identifiable information. Discovery may also involve the production of documents and information relating to sensitive law enforcement materials and investigative techniques.

2. The United States, its agencies, and employees, including its counsel, are authorized, under 5 U.S.C. § 522a(b)(11), to release in discovery information and documents that would otherwise be protected from disclosure under the Privacy Act.

3. Counsel for any party may designate any document or information, in whole or in part, as protected if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, or otherwise sensitive non-public information. Information and documents designated by a party as protected will be stamped "PROTECTED INFORMATION."

4. The Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

5. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution Protected Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Protected Information.

6. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "PROTECTED" shall not be disclosed to any person, except

A. The United States, attorneys for the United States, and any support staff or other employees of the United States or attorneys of record who are assisting in the defense of this action;

B. Plaintiff, attorneys for Plaintiff, and any support staff or other employees of attorneys of record for Plaintiff who are assisting in the maintenance of this action;

C. Witnesses who are or may be deposed in this action, to the extent the witnesses' testimony may relate to the Protected Information;

D. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

E. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

F. Any court reporter or videographer reporting a deposition.

7. Prior being shown any Protected Information, any person listed under subparagraphs 6(b)-(d) and 6(f) shall agree to be bound by the terms of this Protective Order by signing the "Agreement" attached to this Protective Order as Exhibit A. Each original, signed "Agreement" form executed by counsel of record for the receiving party shall be served on counsel for the disclosing party by e-mail within three days after execution. All other original, signed "Agreement" forms shall be retained by counsel until the conclusion of this litigation, and those forms may only be disclosed pursuant to Court order

8. The disclosure of a document or information without designating it as "Protected" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Stipulation and Order.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and protected and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "Protected" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Protected Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena

SO STIPULATED AND AGREED.

Dated: New York, New York
August 14, 2026

SO ORDERED.

VALERIE FIGUEREDO
United States Magistrate Judge

**Exhibit A**

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as protected I have been informed that any such documents or information labeled "PROTECTED" are protected by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

__________________________________

Signed in the presence of:

__________________________________

(Attorney)